**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-04912-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

ADRIAN DE LEON VAZQUEZ,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

Petitioner, a detainee at an immigration detention facility in Aurora, Colorado, has filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).[1] Petitioner asserts four claims in the Petition, including a claim challenging the conditions of his confinement with respect to medical treatment.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order. Petitioner will be directed to cure the following if he wishes to pursue any habeas corpus claims in this action. Petitioner is advised that the conditions of confinement claim regarding medical care is not properly raised in a habeas corpus action and must be raised in a separate action. Any papers that Petitioner files in response to this order must include the civil

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) ____ is not submitted
(2) ____ is missing affidavit
(3) ____ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ____ is missing certificate showing current balance in prison account
(5) ____ is missing required financial information
(6) ____ is missing authorization to calculate and disburse filing fee payments
(7) ____ is missing an original signature by the prisoner
(8) ____ is not on proper form
(9) ____ names in caption do not match names in caption of complaint, petition or habeas application
(10) ____ other: ______________________________.

**Complaint, Petition or Application**:

(11) ____ is not submitted
(12) xx is not on proper form (must use the District of Colorado form)
(13) ____ is missing an original signature by the prisoner
(14) ____ is missing page nos. ____
(15) ____ uses et al. instead of listing all parties in caption
(16) ____ names in caption do not match names in text
(17) ____ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) xx other: must identify the legal authority and specific facts that support the habeas corpus claims challenging detention; conditions of confinement claims may not be raised in a habeas corpus action.

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Petitioner files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Petitioner shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Petitioner fails to cure all of the designated

deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED October 5, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge